**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Dianna Madison, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 4107 |
| | ) | |
| Asset Acceptance, LLC, a Delaware | ) | |
| limited liability company and ACA | ) | |
| Receivables Company, d/b/a American | ) | |
| Agencies of California, a California | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Dianna Madison, brings this action under the Fair Debt Collection
Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt
collection actions violated the FDCPA, and to recover damages for Defendants'
violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28
U.S.C. § 1331.

2.      Venue is proper in this District because: a) parts of the acts and
transactions occurred here; and, B) Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Dianna Madison ("Madison"), is a citizen of the State of Iowa,
from whom Defendants attempted to collect a delinquent consumer debt owed for a
Fashion Bug credit card, which was then allegedly owed to a bad debt buyer, Asset

Acceptance. These collection actions took place despite the fact that she had told the Defendants she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Asset Acceptance, LLC ("Asset Acceptance"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Asset operates a nationwide delinquent debt collection business from its offices in nine different states, including a call center in Chicago, Illinois, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, see, printout from Asset's web site attached as Exhibit A.  In fact, Defendant Asset Acceptance was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Asset Acceptance is licensed to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit B.  In fact, Defendant Asset Acceptance conducts extensive and substantial business in Illinois by collecting delinquent consumer debts from thousands of Illinois consumers via collection letters sent to Illinois, through collection phone calls made from its Illinois' call center and through thousands of collection lawsuits it files in Illinois' court system.

6.      Defendant Asset Acceptance is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation,

attached as Exhibit C.  In fact, Defendant Asset Acceptance acts as a collection agency in Illinois.

7.     Defendant Asset Acceptance is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which at times it then collects upon through other collection agencies, such as Defendant American Agencies of California.

8.     Defendant, ACA Receivables Company, LLC, d/b/a American Agencies of California ("American Agencies"), is a California limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant American Agencies was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

9.     Defendant American Agencies is licensed to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit D.  In fact, Defendant ACA conducts business in Illinois.

10.     Defendant American Agencies is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit E.  In fact, Defendant American Agencies acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

11.     Ms. Madison is a disabled woman, with limited assets and income, who

fell behind on paying her bills, including a debt she owed for a Fashion Bug credit card account. At some point in time, Defendant Asset Acceptance bought Ms. Madison's Fashion Bug debt after she defaulted on it, and when Defendant Asset Acceptance began trying to collect this debt from her, by sending her an initial collection letter, dated April 6, 2010, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of the April 6, 2010 collection letter is attached as Exhibit F.

12.     Accordingly, on April 29, 2010, one of Ms. Madison's attorneys at LASPD informed Defendant Asset Acceptance, in writing, that Ms. Madison was represented by counsel, and directed Asset Acceptance to cease contacting her and to cease all further collection activities because Ms. Madison was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit G.

13.     Nonetheless, despite being advised that Ms. Madison was represented by counsel and refused to pay the debt, Defendant Asset Acceptance had Defendant American Agencies send Ms. Madison a collection letter, dated May 5, 2010, which demanded payment of the Fashion Bug/Asset Acceptance debt. A copy of this letter is attached as Exhibit H.

14.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

4

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

16.     Plaintiff adopts and realleges ¶¶ 1-15.

17.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

18.     Here, the letter from Ms. Madison's agent, LASPD, told Defendants to cease communications and to cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

20.     Plaintiff adopts and realleges ¶¶ 1-15.

21.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

22.     Defendants knew, or readily could have known, that Ms. Madison was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant Asset Acceptance, in writing, that Ms. Madison was

represented by counsel, and had demanded a cessation of communications with Ms. Madison.  By sending a collection letter to Ms. Madison, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23.    Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Dianna Madison, prays that this Court:

1.    Find that Defendants' debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Madison, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Dianna Madison, demands trial by jury.

Dianna Madison,

By: /s/ David J. Philipps____
One of Plaintiff's Attorneys

Dated:  July 1, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com